Madden, Judge,
delivered the opinion of the court:
The plaintiff sues to recover $14,076 of transportation charges admittedly earned by it in the carriage of goods for the Government. The Government deducted the $14,076 *776 from its payment to the plaintiff because, it says, the plaintiff lost, from a prior shipment, 40 bales of army coats, each bale containing 30 coats, each coat worth $11.73, the total value thus being $14,076.
We held, in prior proceedings in this case, that the coats had been lost and that the plaintiff was responsible for the loss, 129 C. Cls. 278. We concluded, however, that the Government had not satisfactorily proved the value of the coats, and we remanded the case to a commissioner of this court to take evidence as to the value of the coats.
The Government put in evidence an official document called the Army Quartermaster Corps’ pricing guide. It listed unit prices of articles procured by the Quartermaster Corps, and it listed the unit price of the coats in the shipment involved in this litigation as $11.73. This figure was the average unit cost to the Government of 1,200,000 such coats procured by it in 1943 and 1944. The description of the coats in question on the consignor’s shipping document as “Class A” was the official designation for unused property.
There being no evidence that the coats were worth less than they cost the Government, nor that they were not in the unused condition which they were officially stated to be in when shipped, we have concluded that their value was $14,076.
The plaintiff’s petition is dismissed.
It is so ordered.
Labamoke, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner Roald A. Hogenson, and the briefs and argument of counsel, makes findings of fact as follows:
1. By its decision in this case, dated July 13, 1954, 129 C. Cls. 278, the court held that plaintiff was liable to defendant for the value of 40 bales of coats missing from the shipment of coats described in the court’s findings of fact. The court remanded this case to a commissioner of this court for the taking of evidence and the filing of a report as to the value of the 40 missing bales.
*777 2. The shipment of coats involved in this case was made in November 1946, from defendant’s Army Base, Brooklyn, New York, to its Army Service Forces Depot, Atlanta, Georgia, with plaintiff being the delivering carrier. The three pertinent boxcars were unloaded by defendant’s employees at the Atlanta depot. Plaintiff was subsequently notified of a shortage of 40 bales of coats, each containing 30 coats having a unit cost of $11.73 each, or a total cost of $14,076. This same notice was endorsed by defendant on the pertinent bill of lading. The sum of $14,076 was withheld by defendant from sums otherwise due plaintiff for other transportation services.
3. The claimed shortage was determined by defendant by comparing its unloading tallies with the shipping document supplied to the Atlanta Depot by the Brooklyn Army base. This latter document was later lost or destroyed, and is not in evidence in this case.
The defendant’s chief of the inventory and adjustment section at the Atlanta Depot, who compared the unloading tallies with the shipping document and made the analysis upon which defendant’s notice of shortage was issued, testified in this case that the shipping document showed that each bale in the shipment contained 30 coats and that the coats were Class A or unused garments. The comparison of the unloading tallies with the shipping document showed that there was a shortage of 40 bales of coats, wool, serge, O. D., or a total of 1,200 coats missing.
The unit valuation of $11.73 attributed to the coats was that set forth for such coats in the Army Quartermaster Corps pricing guide.
4. The Army Quartermaster Corps pricing guide was an official document prepared by the Army for use throughout the service. It contained the unit prices of many articles of Army clothing. These prices were to be used in making all issues, transfers and sales, except when deviations were authorized or required by War Department publications or by the Quartermaster General. One of the specifically designated purposes of this guide or price list was to designate the prices to be used in claims against common carriers for loss or damage in transit. The pricing guide in effect *778 at all times pertinent to tliis case, a copy of which, is in evidence as defendant’s exhibit 12, lists the unit price of the coats involved in the shipments in this case as the sum of $11.73. This price was the average unit cost to the defendant of 1,200,000 such coats procured by it in 1943 and 1944.
5. All clothing items of the Army Quartermaster Corps during the period 1943 through 1946 had a “standard pack” for shipment, which was prescribed by the Quartermaster General. Throughout all of the time involved in this case, the prescribed standard pack for coats such as those involved in this case was 30 coats per bale.
The description of the coats on the consignor’s shipping document as “Class A” was the official and generally used designation for unused property.
6. The bales contained 30 coats per bale, the value of each coat was $11.73, and the total value of the 40 missing bales of coats was $14,076.
CONCLUSION OK LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and the petition is therefore dismissed.